UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TERRI G. MARTIN,

    Plaintiff,

v.

ANTHONY COPELAND, *et al.*,

    Defendants.

Case No.: 2:16-CV-59-JVB-JEM

**OPINION AND ORDER**

Terri G. Martin sued the City of East Chicago, its mayor, and three other individuals in connection with her employment termination in October 2015. East Chicago moved for partial dismissal. (DE 9.) The four individual Defendants also moved for dismissal. (DE 11.)

**A.    Standard for evaluating a motion to dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

---

[1] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of

As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.    Plaintiff's complaint**

Martin alleges the following:

She entered into an employment contract on December 17, 2014, with the East Chicago Board of Health to act as its Director from January 1, 2015, to December 31, 2017. The contract says Martin may be removed from her position only for cause after a hearing by the East Chicago Board of Health.

---

facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Mayor Copeland "looked with disfavor" on Martin's handling of certain matters—Martin doesn't say why—and as a result the individual Defendants conspired to terminate Martin's employment.

On October 13, 2015, Dabertin and Favella delivered a letter to Martin signed by Browning, terminating Martin's employment without a hearing. Dabertin and Favella demanded Martin turn over various items, and they confined her in her office and intimidated her.

Martin purports to bring § 1983 claims under the First, Fourth, and Fourteenth Amendments. She claims the contract created a property interest in her employment protected by the Fourteenth Amendment. She claims she did not receive a pre-termination hearing or opportunity to object. She claims political considerations of the Defendants motivated the termination. She claims Defendants retaliated against her for exercising her rights in the performance of her duties.

Martin also purports to bring state claims for intentional tortious interference with contract, confinement, intimidation, and defamation.

**C.     Discussion**

**(1)    Defendant East Chicago's motion to dismiss**

(a)     *Defamation*

Defendant East Chicago seeks dismissal of the defamation claim because the complaint does not state the specific defamatory statement, nor does the Complaint allege East Chicago published any statement. In her response, Plaintiff Martin failed to address these arguments.

3

The Supreme Court of Indiana considers it a matter of hornbook law that a plaintiff must include the alleged defamatory statement in the complaint. *Trail v. Boys & Girls Clubs Nw. Ind.*, 845 N.E.2d 130, 136–37 (Ind. 2006). And even under the liberal federal pleading standards, Plaintiff failed to state a defamation claim because she failed to put East Chicago on notice regarding the claim's basis. Plaintiff has not alleged who said what, even by way of paraphrase.

Moreover, Plaintiff waived her defamation claim by failing to respond to East Chicago's arguments for its dismissal. *Bonte v. U.S. Bank, N.S.*, 624 F.3d 461, 466 (7th Cir. 2010).

The Court therefore dismisses Plaintiff's defamation claim against Defendant East Chicago.

(b)     *Tortious interference with contract*

Defendant East Chicago seeks dismissal of Plaintiff's tortious-interference claim on the ground that this tort requires the action of an independent third party. East Chicago argues it is not an independent third party because one of the parties to the contract—the East Chicago Board of Health—is an instrumentality of East Chicago. Therefore, the argument goes, East Chicago is not an independent third party whose actions could give rise to a claim for tortious interference with contract.

Although Plaintiff addressed this claim in her response to East Chicago's motion to dismiss, Plaintiff failed to address the argument that East Chicago cannot be liable for this claim because it is not a third party with respect to the contract. Plaintiff presented no argument against East Chicago's assertion that the East Chicago Board of Health, which was a party to the contract, is an instrumentality of East Chicago such that East Chicago is not a third party.

4

The Supreme Court of Indiana recognizes that a party cannot interfere with its own contracts, so only third parties can commit tortious interference with contract. *Trail*, 845 N.E.2d at 138.

Plaintiff waived any argument against the applicability of *Trail*.

The Court therefore dismisses Plaintiff's claim against Defendant East Chicago for tortious interference with contract.

(c) *Confinement*

Defendant East Chicago seeks dismissal of the confinement claim against it on the grounds that the complaint lacks supporting facts and presents only labels and conclusions. But the complaint does not lack supporting facts. Plaintiff claims that when Defendants Dabertin and Favella delivered the termination letter to Plaintiff on October 13, 2015, they "kept the Plaintiff confined in her office, until she turned over various items of personal property which they demanded . . . ." (Compl., DE 1, ¶ 17.)

This allegation does not provide every detail of the occurrence, but it provides enough details to give East Chicago fair notice of the claim. Plaintiff provides the date and location, the names of the alleged confiners, and the context of the occurrence. Plaintiff provides more than mere labels and conclusions. East Chicago has not demonstrated that this claim is facially implausible.

The Court denies Defendant East Chicago's motion to dismiss the confinement claim.

(d) *Intimidation*

Plaintiff alleges "intentional tortious acts of . . . intimidation . . . ." (Compl., DE 1, ¶ 32.) Defendant East Chicago moved to dismiss this claim without addressing the issue of whether Indiana recognizes such a claim, let alone what its elements are. Instead, East Chicago focuses on whether the facts are sufficient.

The movant bears the burden on a motion to dismiss to establish the legal insufficiency of the complaint. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990).

As East Chicago failed to carry its burden, the Court denies the motion to dismiss the intimidation claim against it, without deciding anything further regarding this claim.

**(2) Individual Defendants' motion to dismiss**

(a) *Section 1983 official-capacity claims*

Plaintiff's complaint purports to bring § 1983 claims against each individual Defendant in his official capacity and individual capacity.

Defendants Copeland, Dabertin, Favella, and Browning ("individual Defendants") moved to dismiss the § 1983 claims against them in their official capacities on the grounds that official-capacity claims are actually claims against the governmental entity and are duplicative of the claims against the named governmental entity.

Section 1983 allows a party to sue a "person" in his individual or official capacity, or both. *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent." *Id*. at 690 n.55. An official-capacity suit is not a suit against the government official individually, but against the local government entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). An

6

individual-capacity suit, on the other hand, seeks to impose personal liability on an individual who, under color of state law, custom, or policy, violates someone's constitutional rights. *Id.*

Here, Plaintiff named East Chicago itself as a Defendant. The official-capacity claims against the individual Defendants are duplicative of the claim against East Chicago. Accordingly, the Court dismisses the official-capacity claims against the individual Defendants.

(b)     *Section 1983 individual-capacity claims*

The individual Defendants also seek dismissal of the § 1983 individual-capacity claims against them. These Defendants correctly note that an individual is only liable in a § 1983 action if he caused or participated in a constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

The individual Defendants argue that all the actions the complaint alleges they performed were performed in their official capacities. The individual Defendants argue that the complaint does not allege they stepped outside their roles with East Chicago and became personally involved in the alleged constitutional deprivations. They further argue that the individual-capacity claims are duplicative.

But these arguments miss the mark.

The mere fact that an individual who causes a constitutional deprivation is an official employed by a government entity does not insulate that individual from individual-capacity liability. *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991) ("The requirement of action under color of state law means that Hafer may be liable for discharging respondents precisely because of her

7

authority as auditor general. We cannot accept the novel proposition that this same official authority insulates Hafer from suit.")

Nor is an individual-capacity claim duplicative of a claim against the government entity. *See Hafer*, 502 U.S. 21.

The relevant question is: did these individual Defendants cause or participate in a constitutional deprivation? *Wolf-Lillie*, 699 F.2d at 869.

At this stage, the individual Defendants have not established that Plaintiff failed to allege facts supporting plausible individual-capacity claims against them. The Court therefore denies the motion to dismiss the individual-capacity claims.

(c)     *Defamation*

Like East Chicago, the individual Defendants seek dismissal of the defamation claim because the complaint does not state the specific defamatory statement, nor does it allege publication of any statement. In her response to this motion, Plaintiff Martin again failed to address these arguments.

For the same reasons given above regarding dismissal of the defamation claim against East Chicago, the Court dismisses Plaintiff's defamation claim against the individual Defendants.

(d)     *Tortious interference with contract*

The individual Defendants seek dismissal of Plaintiff's tortious-interference claim on the ground that this tort requires the action of an independent third party. The individual Defendants

argue they are employees and agents of East Chicago, of which the East Chicago Board of Health is an instrumentality, and therefore they are not independent third parties to the East Chicago Board of Health's contract.

In her response, Plaintiff failed to address the argument that the individual Defendants cannot be liable for this claim because they are not third parties to the contract.

As noted above, the Supreme Court of Indiana recognizes that a party cannot interfere with its own contracts, so only third parties can commit tortious interference with contract. *Trail*, 845 N.E.2d at 138. Moreover, Plaintiff waived any argument against the applicability of *Trail*.

The Court therefore dismisses Plaintiff's claims against the individual Defendants for tortious interference with contract.

(e) *Confinement*

The individual Defendants seek dismissal of the confinement claim against them on the grounds that the complaint lacks supporting facts and presents only labels and conclusions. But, as noted above, the complaint does not completely lack supporting facts. Plaintiff claims that when Defendants Dabertin and Favella delivered the termination letter to Plaintiff on October 13, 2015, they "kept the Plaintiff confined in her office, until she turned over various items of personal property which they demanded . . . ." (Compl., DE 1, ¶ 17.)

This allegation does not provide every detail of the occurrence, but it provides enough details to give Defendants Dabertin and Favella fair notice of the claim. Dabertin and Favella have not demonstrated that this claim is facially implausible.

9

The complaint does not, however, state facts to support a plausible confinement claim against Defendants Copeland and Browning.

The Court therefore dismisses the confinement claim against Copeland and Browning, but denies the motion to dismiss the confinement claim against Dabertin and Favella.

(f)     *Intimidation*

Plaintiff alleges "intentional tortious acts of . . . intimidation . . . ." (Compl., DE 1, ¶ 32.) Like East Chicago, the individual Defendants moved to dismiss this claim without addressing the issue of whether Indiana recognizes such a claim, let alone what its elements are.

As Dabertin and Favella failed to carry their burden at this stage, the Court denies the motion to dismiss the intimidation claim against them, without deciding anything further regarding this claim.

Copeland and Browning, however, have carried their burden at this stage. As the complaint lacks facts supporting a plausible claim that they committed intentional tortious acts of intimidation against Plaintiff, the Court dismisses the intimidation claim against them.

**D.     Conclusion**

The Court **GRANTS** Defendant East Chicago's motion for partial dismissal (DE 9) in part and **DENIES** it in part. The Court dismisses:

    a.     Plaintiff's defamation claim against East Chicago; and

    b.     Plaintiff's tortious-interference claims against East Chicago.

In all other respects the Court denies the motion.

The Court **GRANTS** the individual Defendants' motion to dismiss (DE 11) in part and **DENIES** it in part. The Court dismisses:

    a.    Plaintiff's official-capacity federal claims against the individual Defendants;

    b.    Plaintiff's defamation claim against the individual Defendants;

    c.    Plaintiff's tortious-interference claim against the individual Defendants;

    d.    Plaintiff's confinement claim against Copeland and Browning; and

    e.    Plaintiff's intimidation claim against Copeland and Browning.

In all other respects the Court denies the motion.

**SO ORDERED** on January 17, 2017.

                                            s/ Joseph S. Van Bokkelen
                                            JOSEPH S. VAN BOKKELEN
                                            UNITED STATES DISTRICT JUDGE