**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TERRI G. MARTIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CV-59-JVB-JEM |
| ) | |
| ANTHONY COPELAND, *et al.*, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Defendants to Produce Documents Requested Pursuant to Rule 34 and Subpoena Duces Tecum [DE 46], filed on January 11, 2018. Defendants filed a response on January 25, 2018, and Plaintiff filed a reply on February 1, 2018.

Plaintiff brought this lawsuit seeking damages for claims arising from her termination from her position as a public health officer for the City of East Chicago. During discovery, Plaintiff issued a subpoena duces tecum to Defendant Sandra Favella, Human Resources Director for the City of East Chicago, requesting that she be deposed and that she bring with her various records, including Plaintiff's personnel file. Defendant Favella attended the deposition and brought a copy of Plaintiff's personnel file, together with a privilege log identifying 70 pages of the file that were omitted under an assertion of attorney/client privilege. Plaintiff objects to the omission of those documents and moves to compel Defendant to produce Plaintiff's entire file, including the pages identified as attorney communications. She argues that (a) she has an absolute right to access her entire personnel file, including attorney communications, under Indiana statute governing access to public records; and (b) that any attorney-client communication ceased to be privileged the moment they were placed in her personnel file.

Access to Indiana public records is governed by the Indiana Code, Section 5-14-3-1 *et seq.* Section 3 describes the right to inspect and copy records of any public agency, including any political subdivision of the state. I.C. §§ 5-14-3-2(q)(2)(A), 5-14-3-3. Section 4(a) lists records that "may not be disclosed . . . unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery." I.C. §§ 5-14-3-3; 5-14-3-4(a). Section 4(b) lists records that "may be excepted from section 3 of this chapter [that is, records that can be withheld from inspection and copying] at the discretion of a pubic agency." Among the types of records that may be withheld at agency discretion are, pursuant to Section 4(b)(2), "[t]he work product of an attorney" employed by the state or appointed by a public agency to represent the state, its agencies, and their employees; and, pursuant to Section 4(b)(8) the "[p]ersonnel files of public employees. . . However, all personnel file information shall be made available to the affected employee or the employee's representative." I.C. § 5-14-3-4(b)(2), (8).

Plaintiff argues that the clause allowing public employees to access their own files in subsection (8) takes precedence over the general prohibition of disclosure of attorney work product articulated in subsection (2). But the structure of the statute itself argues against such a reading: the clause requiring disclosure to an "affected employee" appears just after the general protection of "personnel files" in subsection 8. I.C. § 5-14-3-4(b)(8). Nothing in the structure of the statute indicates that the requirement to disclose personnel file information to an "affected employee" is meant to override the protection of attorney work product provided for in subsection 2 and elsewhere in Indiana and Federal law. Therefore, Defendant City of East Chicago may at its discretion withhold qualifying attorney work product, as defined in Section 2 of the statute, within an employee's personnel file.

2

Plaintiff also argues that Defendants waived any possible claim to attorney-client privilege when they placed the attorney communications into Plaintiff's personnel file. Defendants disagree, noting that no waiver of the privilege occurred because the omitted documents were never disclosed to Plaintiff. It is uncontested that Plaintiff never received a copy of the omitted communications; thus, no waiver of the attorney-client privilege occurred.

Plaintiff objects to the contents of the privilege log, contending that Defendants' bare assertion of privilege is not enough to support their withholding of discovery. Federal Rule of Civil Procedure 26(b)(5)(A)(ii) specifies that a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *U.S. v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003); *see also Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006). "An assertion of privilege therefore must be made on a document-by-document basis." *In re Grand Jury Proceedings*, 220 F.3d 568, 572 (7th Cir. 2000). "A party who invokes any privilege [ ] must . . . provide to the opposing party a privilege log containing the following information for each document not disclosed: (1) the name and job title or capacity of the author(s)/originator(s); (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party; (3) a general description of the document by type (e.g., letter, memorandum, report); (4) the date of the document; and (5) a general description of the subject matter of the document." *In re Bridgestone/Firestone, Inc., ATX. ATX II*, 129 F. Supp. 2d 1207, 1218-19 (S.D. Ind. 2001). A timely and adequate privilege log is required by the federal rules,

and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery. *See Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 608 (N.D. Ill. 2010).

Here, the log that Defendant Favela brought to her deposition contained a list of pages, set forth under the headings Bates Numbers, To, From, and Reason for Redaction. For each group of pages, the "reason for redaction" given is "reserves Attorney/client privilege." No dates, description of document of type, or general description of the subject matter of the documents is provided. Additionally, as noted by Plaintiff, at least 19 pages referenced in the log consist of materials sent by Plaintiff's own attorney; those pages are clearly not privileged. The Court is therefore unable to discern which of the pages identified in the log qualify as attorney work product or are subject to the attorney-client privilege.

Therefore, the Court **DENIES** Plaintiff's Motion to Compel Defendants to Produce Documents Requested Pursuant to Rule 34 and Subpoena Duces Tecum [DE 46] to the extent that it seeks production of the entire file but **ORDERS** Defendants to **PRODUCE** to Plaintiff an amended privilege log in full compliance with Federal Rule of Civil Procedure 26(b)(5) and the elements set forth above, on or before **July 19, 2018**.

The Court **ORDERS** that the discovery deadline in this case is extended through **August 16, 2018**.

SO ORDERED this 5th day of July, 2018.

                                         s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record